Hugo TAUSTINE, Police Judge of the City of Louisville, Appellant,

v.

Carl FLEIG, Appellee.

Court of Appeals of Kentucky.

Jan. 17, 1964.

---

Herman E. Frick, Louisville, for appellant.

R. Davis McAfee, Louisville, for appellee.

MILLIKEN, Chief Justice.

This is an appeal from a judgment which granted a writ of prohibition preventing the Police Judge of the City of Louisville from hearing and disposing of a criminal charge in the Louisville Police Court on the ground that jurisdiction was lacking because the area where the alleged offense had occurred had not been annexed to the City of Louisville. Appellee, Carl Fleig, was arrested for violating KRS 436.450 (bookmaking) in an area duly annexed by the City of Louisville (January 12, 1961) by enactment of a valid annexation ordinance. Because a remonstrance suit opposing annexation, which was decided in favor of annexation by a jury verdict in the Jefferson Circuit Court (July 8, 1960) was being appealed to this Court at the time of the arrest (March 2, 1961), appellee urges a construction of KRS 81.110 (Protest against annexation of unincorporated territory by first class city; trial; judgment) which would mean that an annexation judgment would not be final so long as there was the possibility of an adverse decision on appeal to this Court. The trial court judgment in the remonstrance suit was affirmed on appeal, Gordon v. City of Louisville, Ky., 357 S.W.2d 693, decided June 22, 1962.

Annexation of territory by a city of the first class is a legislative process authorized by statute, KRS 81.100 et seq. The legislative body of a city of the first class may annex territory by ordinances conforming to the governing statutes. After a proposal to annex is duly advertised the city legislative body may immediately annex the territory by adopting an ordinance to that effect, but if a remonstrance suit is filed in the circuit court the city legislative body must obtain a favorable outcome in the remonstrance litigation in the circuit court before it may enact an ordinance annexing the territory. KRS 81.100. "An appeal from the judgment (in the remonstrant's suit) may be taken as in other cases," KRS 81.110(3), but "[t]he judgment shall, when entered, be certified to the city legislative body, which may thereupon annex * * * the territory described in the judgment, and the territory shall then become * * * a part of the city." KRS 81.110(4). There was no attempt to supersede the judgment so the question of whether it could be superseded is not before us. See Am.Jur.2nd, Appeal and Error, Sec. 368, p. 842.

Once the verdict and judgment in the circuit court are obtained upholding annexation, the city may proceed to annex the territory despite the fact that the judgment may be appealed to this Court. An appeal does not stay a judgment, Ky. Digest, Appeal and Error, ☞460. There is no statutory provision delaying the action of the city legislative body any longer after a judgment favorable to annexation is obtained in the circuit court. It must be remembered that the appeal provision permits the city as well as the remonstrant to appeal the judgment of the circuit court. But when the city is the victor in the remonstrance litigation in the circuit court, it is free to go ahead with its annexation proceedings regardless of the remonstrant's appeal if the city legislative body deems it wise to do so.

Since the writ of prohibition was granted upon the false assumption that the appeal stayed the effect of the judgment in the remonstrance suit, it is obvious that Fleig was not entitled to the benefit of the writ.

The judgment is reversed.