**John R. ANGEL, C. B. O'Sullivan and Mrs. Ivo Caldwell, Jr., Appellants,**

v.

**S. W. PALMER–BALL et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 30, 1970.

Rehearing Denied Jan. 15, 1971.

---

William A. Young, George M. Catlett, Frankfort, Robert M. Spragens, Lebanon, for appellants.

John D. Darnell, Sam G. McNamara, Hazelrigg & Cox, Frankfort, Theodore Lavit, Lebanon, for appellees.

CULLEN, Commissioner.

The Kentucky Alcoholic Beverage Control Board granted a retail package liquor license to appellees Charles Louis Simms and Nora Simms for rural premises in Marion County. This was over the protest of appellants, who held an existing retail package liquor license for premises in the same vicinity (only some 450 feet from appellees' premises). On an appeal by the protestants to the circuit court judgment was entered upholding the order of the board. The protestants have appealed here from that judgment.

The appellants' primary contention is that the application for the license should have been held barred by res judicata, by reason of a previous rejection by the board of a similar application. In 1967 Charles Louis Simms, with Elizabeth Jean Blair and Jeanne Marie Murphy, applied for a retail package liquor license for the same premises that are here involved. On November 14, 1967, the board entered an order denying the application. The applicants appealed to the circuit court, but on January 31, 1969, they caused the appeal to be dismissed. On the same day the application here in issue was filed. It appears that at the time the instant application was filed, Charles Louis Simms was the sole owner of the premises sought to be licensed but had agreed to sell a one-half interest to Nora Simms should the application be granted.

The applicable statute, KRS 243.230, provides that a retail package liquor license may be issued for rural premises in a county not containing a city of the first, second or third class (Marion is such a county) only if "Substantial aggregations of population would otherwise not have reasonable access to a licensed vendor." In the order denying the 1967 application the Alcoholic Beverage Control Board found specifically that "The residents of the vicinity in which the premises sought to be licensed is located have reasonable access to a licensed vendor."

There was no effort by the applicants, on the hearing of the 1969 application, to show any change of conditions since 1967. The contention of the appellants is that absent such a showing the 1967 order is res judicata of the factual question on which the right to a license depends. The appellees argue that res judicata is not applicable because (1) the parties to the 1967 application were not the same as, or in privity with, the parties to the 1969 application, and (2) the determination of whether

"substantial aggregations" of population have "reasonable access" to a licensed vendor is a matter of exercise of *discretion* rather than merely *fact-finding*.

Except for the two arguments advanced by the appellees there is no suggestion of any reason, nor do we find any, why the doctrine of res judicata should not be applicable in the instant situation. It has been held applicable specifically to fact-findings by administrative agencies. See Bauer v. Alcoholic Beverage Control Board, Ky., 320 S.W.2d 126, and Webb Transfer Line, Inc. v. Jones, Ky., 379 S.W.2d 444.

■ We find no merit in the appellees' argument of no identity or privity of parties. Charles Louis Simms, who was a party to both applications, clearly should be barred. It may be that Nora Simms, individually, is not barred. See Annotation, 11 A.L.R.2d 847. But surely the effect of the bar against Charles cannot be wiped out simply by the device of his associating an unbarred individual with him. And of course no license could be granted to Nora Simms as a single individual because she did not apply for a license in that way.

■ The appellees' second argument likewise is without merit. It is plain to us that the determination of whether "substantial aggregations of population would otherwise not have reasonable access to a licensed vendor" is a matter of fact-finding and not one of the exercise of discretionary power. Of course reasonable minds might differ as to what constitutes "reasonable access" or a "substantial aggregation" but that does not mean that the question is not simply one of fact. There is no room for a *policy* determination by the board because the legislature itself has fixed the policy. Even if it be considered that the statute does contemplate an element of policy determination by the board, certainly it would not be of greater scope than that exercised by the Department of Motor Transportation in determining the existence of "public convenience and necessity," which is a broader term than "reasonable access," and which in the Webb case, supra, was held to involve fact-finding for purposes of application of res judicata.

It is our conclusion that absent a showing of a change of conditions, res judicata applied.

The judgment is reversed with directions to enter judgment setting aside the order of the Alcoholic Beverage Control Board which granted the license and directing the board to deny the application.

All concur.