Quinn F. PEARL, Sr., Commissioner, Alcoholic Beverage Control Board, et al., etc., Appellants,

v.

Anthony MARSHALL et al., Appellees.

Court of Appeals of Kentucky.

March 16, 1973.

William A. Young, Young & Williams, John D. Darnell, Frankfort, for appellants.

A. James Higgs, Jr., Dailey & Fowler, Herbert D. Liebman, Frankfort, for appellees.

VANCE, Commissioner.

This is an appeal from a judgment of the Franklin Circuit Court which set aside an order of the Alcoholic Beverage Control Board granting to Louis Shryock a license to sell distilled spirits and wine by the package. The order was set aside principally because the license was issued by the Board without a finding of fact that substantial aggregations of population would not have reasonable access to a licensed vendor if the license were not issued. The Alcoholic Beverage Control Board and Louis Shryock appeal.

The application sought a license for premises in Anderson County outside the corporate limits of any city. Anderson County does not contain a city of the first, second or third class.

KRS 243.230 provides:

"(2) Licenses to sell distilled spirits or wine by the package may be issued only for premises located within incorporated cities, or elsewhere in counties containing a city of the first, second or third class if those counties maintain an adequate police force under KRS 70.540 to 70.570 and KRS 70.150 to 70.170.

"(3) Notwithstanding subsection (2), the Board may, after a field investigation, issue a license to sell distilled spirits and wine by the package at premises not located within any city if:

"(a) Substantial aggregations of population would otherwise not have reasonable access to a licensed vendor; * * *."

It is plain therefore that the Board is without authority to issue a retail package license for the premises in question unless the failure to issue such a license would prevent substantial aggregations of the population from having reasonable access to a licensed vendor.

The evidence before the Board relating to the ratio of supply versus demand for alcoholic beverages showed that formerly there were six licensed vendors within the city of Lawrenceburg in Anderson County. Two of the six vendors have been permitted to move to new locations outside of the city on Old U.S. Highway 127.[1] Appellant

---

1. In one instance it does not appear that the question of whether substantial aggregations of the population would have been prevented from reasonable access absent the granting of the license was raised and in the other the ABC Board denied the relocation of the license but was reversed on appeal.

also seeks to relocate on Old U.S. Highway 127 near the Anderson County line and south of the other two.

Except from within a small area south of the proposed licensed premises extending to the county line any resident of Anderson County would of necessity be required to drive past the other two licensed premises in order to reach the location of the proposed new establishment. All three locations are within a single voting precinct which contains 476 registered voters. The area within a mile of the proposed premises is sparsely settled and the entire population of Anderson County as shown by the 1970 Census was less than 10,000.

At the conclusion of its hearing the Board made the following finding of fact:

"The premises to which the licenses are sought to be transferred meet all of the requirements of the laws and regulations of this department for premises eligible for a retail beer license and a retail package liquor license."

The appellants present a double-barreled argument. First, they claim that the Board is not required to make written findings of fact as a predicate to its orders. Secondly, they claim that although there is no such requirement the Board, in this case, did make appropriate findings of fact which are supported by the evidence.

■ It is the opinion of the court that findings of fact are essential to support the orders of administrative agencies, at least where the order issued by the agency rests upon a factual determination. This requirement, although not universally applied in the absence of statute, is in keeping with sound reasoning and the weight of authority. Morris v. City of Catlettsburg, Ky., 437 S.W.2d 753 (1969), Kentucky Alcoholic Beverage Control Board v. Jacobs, Ky., 269 S.W.2d 189 (1954). See Annotations, 146 A.L.R. 125 and 146 A.L.R. 210.

Appellants cite Bandeen v. Howard, Ky., 299 S.W.2d 249 (1956), as authority that written findings of fact are not necessary to meet the requirements of due process. That case involved the trial of charges by the Board of Health against an osteopath. He was adjudged guilty of unprofessional conduct and his license forfeited. We think the case is distinguishable on the facts but to the extent that it holds, if it does, that written findings of fact are not required of administrative agencies, it is hereby overruled.

Judicial recognition of strong practical reasons for requiring administrative findings is almost universal, the exception being rare. Davis, Administrative Law Treatise, Vol. 2, Sections 1601 and 1605. The accepted ideal as stated by the United States Supreme Court is that "the orderly functioning of the process of review requires that the ground upon which the administrative agency acted be clearly disclosed and adequately sustained." S.E.C. v. Chenery Corporation, 318 U.S. 80, 63 S. Ct. 454, 87 L.Ed. 626 (1943).

The difficulty imposed by the failure of an administrative agency to make findings of fact upon which it predicates its action is in some respect akin to the difficulty created by lack of standards to serve as guidelines for the agency in the exercise of its discretion, a difficulty to which we directed attention in Bickett v. Palmer-Ball, Ky., 470 S.W.2d 341 (1971).

The goal of the administrative process must be to insure uniformity of treatment by administrative agencies to all persons who are similarly situated. Without the application of uniform standards, uniformity of treatment is difficult to achieve. Without specific findings of fact it is difficult, if not impossible, upon review to determine whether the administrative agency has acted arbitrarily or within its powers.

■ We held in Angel v. Palmer-Ball, Ky., 461 S.W.2d 105 (1970), that the determination under KRS 243.240 of whether substantial aggregations of population would be deprived of reasonable access to a licensed vendor is purely a question of fact. It is not a matter of discretion and

not subject to policy considerations by the Board.

Here the Board granted a license which it was without authority to grant unless a certain factual situation existed. The board did not find that the necessary factual situation existed.

■ Appellants next argue that the Board made appropriate findings of fact when it determined that the premises in question met all of the requirements of law. This, it is argued, is a finding of the ultimate fact and carries with it an implied finding of the basic facts upon which the ultimate determination rests.

The basic facts to be determined in this case are: (1) The approximate number of people who will be affected by denial of this application and (2) what access would those people have to a licensed vendor if this application were to be denied? The ultimate fact (in reality a conclusion to be drawn from the basic facts) is whether the persons who would be affected by the denial of the application constitute a *substantial aggregation of population* and whether their access to a licensed vendor, if the application were to be denied, would be *reasonable*.

The finding of the Board in this case does not give any clue that it even considered the real issues. We are unwilling therefore to supply the necessary findings by implication.

It is true that some states hold a finding of the ultimate fact by an administrative agency will carry with it by implication a finding of the basic facts but this does not appear to be the majority view. Davis, Administrative Law Treatise, Vol. 2, Section 16.09.

In L & N Railroad Company v. Commonwealth, Ky., 314 S.W.2d 940 (1958), we rejected an order of the Railroad Commission based upon a finding of the ultimate fact only. We said:

"If an agency does not clearly disclose the grounds upon which its decision is based, a court will be usurped of its power of review over questions of law. See Valley & Siletz R. Co. v. Flagg, 195 Or. 683, 247 P.2d 639, 652, 653; American Broadcasting Co. v. Federal Communications Commission, 85 U.S.App.D.C. 343, 179 F.2d 437, 445; Mackler v. Board of Education of City of Camden, 16 N.J. 362, 108 A.2d 854, 858.

"An opinion of an administrative body should set forth the basic findings of fact. State of Florida v. United States, 282 U.S. 194, 51 S.Ct. 119, 75 L.Ed. 291. As Mr. Justice Cardozo once stated: 'We must know what a decision means before the duty becomes ours to say whether it is right or wrong'. United States v. Chicago, M. St. P. & P. R. Co., 294 U.S. 499, 511, 55 S.Ct. 462, 467, 79 L.Ed. 1023.

"KRS 276.370 provides that on court review 'the findings of the commission shall be prima facie evidence as to the facts found, * * *.' It is generally stated that our review is limited to determining whether there is substantial evidence to support the findings and conclusions of the Commission. Louisville & Nashville Railroad Co. v. Commonwealth, Ky., 300 S.W.2d 777 (1956). This governing principle assumes, however, *that the findings have been directed to the relevant issues in the controversy.*"

We conclude therefore that the Board made no determination of whether substantial aggregations of population would be deprived of reasonable access to a licensed vendor if the proposed application were denied and thus the Board exceeded its authority when it granted the license.

The judgment is affirmed.

PALMORE, C. J., and OSBORNE, REED, MILLIKEN, STEPHENSON and STEINFELD, JJ., sitting.

All concur.