Charles C. SIMMS, Appellant,

v.

John R. ANGEL et al., Appellees.

Court of Appeals of Kentucky.

May 31, 1974.

As Modified on Denial of Rehearing
Sept. 13, 1974.

William A. Young, Young & Williams, Frankfort, for appellant.

Marion Rider, Frankfort, Robert M. Spragens, Spragens, Avritt & Spragens, Lebanon, for appellees.

REED, Justice.

The Kentucky Alcoholic Beverage Control Board granted a retail package liquor license to appellant, Charles Simms, for rural premises in Marion County. This is the third occasion on which the Simms family has tried to obtain such license. The circuit judge on the appeal of protestants to the granting of the license ordered that the board deny Simms' application. These protestants were partners holding an existing liquor license for premises in the same vicinity. We affirm the judgment of the circuit court.

In 1967 Charles Simms' brother sought a license for the subject premises. His application was refused by the board and an appeal to the circuit court was dismissed with prejudice. In 1969 the same applicant

joined with Charles Simms' wife and again sought a license for the same premises. This time the board granted the license and its action was upheld in the circuit court, but this court reversed the determination and held that, absent a showing of change of conditions, denial of the prior application barred the granting of the subsequent application by reason of the principle of res judicata. See Angel v. Palmer-Ball, Ky., 461 S.W.2d 105 (1970).

The present application, as were the prior applications, is governed by KRS 243.230(3). This statute provides that a retail package liquor license for rural premises in a county like Marion may be issued only if "substantial aggregations of population would otherwise not have reasonable access to a licensed vendor."

The evidence presented to the board to support the application under review was substantially directed to proving that the entire population of Taylor County, adjacent to Marion County and by local option law a dry county, was without any access to a licensed vendor. Simms also introduced evidence that the traffic count on a through highway demonstrated pronounced increase in the use of this highway, attributable in large measure to the location of a recreational and tourist attraction, the Green River Reservoir, in Taylor County.

The evidence also showed that the involved premises are located in Calvary precinct in Marion County, and the number of registered voters in this precinct is 409. The 1970 federal census established a decrease in the population of Marion County from the 1960 census.

There was no evidence which indicated any substantial increase in the average traffic at or near the involved premises from 1968 to 1972.

In Angel v. Palmer-Ball, *supra,* we held that the determination of whether "substantial aggregations of population would otherwise not have reasonable access to a licensed vendor" is a matter of fact finding and not one of the exercise of discretionary power.

In Pearl v. Marshall, Ky., 491 S.W.2d 837 (1973), we held that a mere recitation by the board that an applicant had met all requirements of law was insufficient to support the issuance of a license because such recitation did not evidence findings of evidentiary facts necessary to afford meaningful judicial review of the board's decision.

In the present case, instead of stating a conclusion of law as was the situation in Marshall, *supra,* the board recited the ultimate fact provided by the statute as the applicable standard. To support its approval of the license application, the board merely recited "substantial aggregations of population would otherwise not have reasonable access to a licensed vendor unless the license sought by the applicant here is issued."

■ It is our opinion that the circuit judge was quite correct in holding that this recitation of an ultimate fact, which was the statutorily provided standard to be applied, was insufficient to withstand judicial review. The demonstrable vice in the board's action in Marshall and in this case is merely one of degree. In both cases considerations of due process require the conclusion that the administrative body's failure to make findings of basic evidentiary facts leaves without support the granting of a permit and is fatal on judicial review. We have recently squarely held that a mere recitation of an ultimate fact parroting the language of a statute is insufficient to support the granting of a zone change. See Caller v. Ison, Ky., 508 S.W.2d 776 (decided May 3, 1974). The same rationale applies to the finding in this case.

■ Simms' evidence directed to the population of Taylor County did not establish, in our view, material from which basic evidentiary findings could be made that would support a finding of ultimate fact

that substantial aggregations of population would be denied access to the purchase of liquor. In our view, that which was implicit in Pearl v. Marshall, *supra,* was properly made explicit in this case by the circuit judge's decision not to remand the case to the board. We conclude that the words "aggregations of population" as used in KRS 243.230(3), do not include the residents of adjacent dry territory.

Chapters 242 and 243 of the Kentucky Revised Statutes deal with the issuance of liquor licenses and the regulation of the sale of liquor by local option. When the entire statutory scheme is considered, it is evident to us that the geographical subdivisions denominated "city" or "county" in which the premises to be licensed are located are the entities concerned when the application for licensing is considered.

Chapter 242 not only prohibits sale of liquor in dry territory but also prohibits solicitation or even the advertisement of alcoholic beverages in such localities. We, therefore, consider that it would be inconsistent with the whole tenor of the licensing statutes and of the local option statutes to ascribe a meaning to the words "substantial aggregations of population" that would include or permit counting the residents of a dry county in making the determination required by KRS 243.230.

We do not believe casual transients can be counted in applying the statutory standard. The word "aggregation" connotes a group, a mass, or a body of people. Hence, a relatively fixed and stable body of people, although composed of tourists in a dry county, could be properly countable under proper circumstances, but the evidence in this case was not directed toward establishing the facts upon which such a finding could be based. Consequently, we conclude that the present record does not afford sufficient basis for the board to make conceivable findings of evidentiary facts which would support a finding of ultimate fact that "substantial aggregations of population" would otherwise not have reasonable access to a licensed vendor nor, of course, the necessary resultant conclusion of law that the applicant was entitled to the license for which he applied.

In view of the determination made, it is unnecessary to consider the appellees' argument concerning the effect of the principle of res judicata. Suffice it to say, we are not persuaded that Angel v. Palmer-Ball, *supra,* was erroneously decided.

The judgment is affirmed.

OSBORNE, C. J., and MILLIKEN, PALMORE, REED and STEPHENSON, JJ., concur.