**Harry HAGAN and Louise Hagan, Appellants,**

v.

**Julian W. KNIPPENBERG, Commissioner, Kentucky Department of Alcoholic Beverage Control Board, et al., Appellees.**

Supreme Court of Kentucky.

Dec. 17, 1976.

Rehearing Denied May 20, 1977.

William A. Young, Young & Williams, Frankfort, for appellants.

James L. Avritt, Spragens, Avritt & Smith, Lebanon, William M. Johnson, Frankfort, R. Coleman Endicott, Lexington, for appellees.

PER CURIAM.

Harry Hagan and Louise Hagan, as protestants, appeal from a judgment of the Franklin Circuit Court, upholding an order of the Alcoholic Beverage Control Board, granting a retail package liquor license to Boston Beverage Company.

For a period of some nine years prior to July 1975, Boston Beverage owned and operated a retail package liquor store on U.S. Highway 62 near the community of Boston in Nelson County. Prior to July 7, 1975, Boston Beverage applied to the Alcoholic Beverage Control Board for approval of a retail package liquor license for a new premises located on U.S. Highway 62, being 1.2 miles down the highway from its existing premises. The object of this application was to effect a transfer of the license from the premises near Boston to the new premises on Highway 62.

KRS 243.650 restricts the transfer of a license to another premises to cases of destruction of the licensed premises by an act of God or a casualty for which the licensee is not responsible. An effective method of evading the clear mandate of the statute has been the development of a common subterfuge by which the method of transferring a license from one location to another is effected by the cancellation of the license for the original premises upon the issuing of a license to the same licensee for a new location. Even though the transac-

tion is characterized as a transfer of a license, it is readily discernible that it is in effect nothing more than an application for a license for a different premises. There is, of course, the added inducement to the Board of a surrender of the license on the original premises should the new license be issued.

For more than two years prior to Boston Beverage's application for a license to operate a package liquor store at the new location, it had owned the premises described in the application. Its decision to relocate had been one of public knowledge for more than two years, as a sign on the premises proclaimed it as the location of the new home of Boston Beverage. The present action was precipitated by Harry and Louise Hagan's filing of an application for a license to operate a retail package liquor store on an adjoining property. The Hagan procedure was a "transfer of license" transaction by which they proposed to transfer to the new location a license they then held in Bardstown, some ten to twelve miles away. The Hagan proceeding and this proceeding have been pending, and hearings have been conducted almost within the same period of time. However, Hagan succeeded in getting a license for his new premises before Boston Beverage.

Hagan appeals from the order of the Board granting Boston Beverage a retail package liquor license for the premises adjoining his new location because Boston Beverage had not complied with the requirements of KRS 243.230(4)(a).

The town of Boston is an unincorporated community as is the new location of Boston Beverage, 1.2 miles away. The statute provides that a retail package liquor license may be issued for a premises not located within a city if "substantial aggregations of population would otherwise not have reasonable access to a licensed vendor." It is now asserted that Boston Beverage failed to prove the existence of this particular requirement and that the Board, in granting the new license, completely disregarded the statute and made no findings which would justify the granting of the license.

Hagan argues that there was no evidence presented from which the Board could determine that substantial aggregations of population would be deprived of reasonable access to a licensed vendor unless Boston Beverage's application was approved. In *Pearl v. Marshall*, Ky., 491 S.W.2d 837 (1973), this court held that the issuance of a license in a rural area was conditioned upon a determination of the following basic facts: (1) the approximate number of people who would be affected by a denial of the application and (2) what access would these people have to a licensed vendor if the application were to be denied? Herein lies the crux of the protestants' argument. However, the factual situation presented in this proceeding does not require that the Board again make these basic findings.

The Board, in awarding Boston Beverage a retail package liquor license for the new location, found as follows:

"1. For the last nine years applicant has held a retail package liquor license for premises located on the south side of U.S. Highway 62, in western Nelson County, Kentucky.

2. Applicant's present premises are situated on the outskirts of Boston, Kentucky, a small unincorporated area of approximately 400 residents.

3. Applicant seeks to transfer its existing retail package liquor license to premises which are located approximately 1.2 miles to the west of its existing premises by surrendering its existing license upon the issuance of a new license for its proposed premises.

4. Both applicant's existing and proposed premises are located in the 12th voting precinct of Nelson County, Kentucky; and both are located in unincorporated areas.

5. Applicant's proposed premises are more spacious and more modern than its existing premises and the entrance thereto is less hazardous and the proposed premises will provide better service to the area.

6. Applicant's proposed premises will serve the same geographic area of Nelson County, Kentucky, as its existing premises without adversely affecting its present service.
7. Applicant, its officers, directors and stockholders meet all requirements necessary for the issuance of a retail package liquor license.
8. Applicant's proposed premises meet all of the requirements necessary for the issuance of a retail package liquor license, and are free from any statutory or regulatory disqualifying features."

■ It is apparent from an examination of the Board's findings and of the evidence adduced in its support that the area to be served from the new premises in relation to that served by the old premises was neither enlarged nor diminished or was there any change in the reasonableness of access to a licensed vendor afforded the customers within the area. Actually, it would be almost impossible to find in this proceeding the existence of a substantial aggregation of population which would be denied reasonable access to a licensed vendor for, in fact, the area served by the old and new locations is identical.

■ It is only where there is a distinction between the area being served and the area to be served that a finding that substantial aggregations of population would not otherwise have reasonable access to a vendor would be required. Examining this within the concept of *Pearl v. Marshall*, supra, a new determination of the required basic facts was unnecessary. The issue of "substantial aggregations of population" had been resolved in favor of Boston Beverage approximately nine years prior to the filing of the present application. At the time the first license was issued, compliance with the requirements of KRS 243.230(4)(a) had been established.

The distance involved in the move requested by Boston Beverage from the location of its present store to its proposed new location is comparatively so small that such a move could have no perceptible effect upon the existing situation with respect to the ability of citizens and residents of this section of Nelson County to obtain reasonable access to a licensed retail package liquor store.

■ The procedure of cancelling an outstanding retail package liquor license and the subsequent issuance of a new license of the same type for a different premises but to the same licensee seemingly has become the acceptable method of accomplishing the transfer of a license from one location to another in those instances where such transfer is not permissible under KRS 243.650. Consequently, where the present holder of a valid retail package liquor license issued for premises situated in the rural or nonincorporated area of a county applies "to transfer" the license to another rural location in the same county and within the same general geographic area, it is within the discretionary power of the Alcoholic Beverage Control Board to approve and authorize such "transfer."

The applicant for the new license in the rural area must have previously satisfied the requirements of KRS 243.230(4)(a) by showing that substantial aggregations of population otherwise would not have reasonable access to a licensed vendor. Furthermore, the change of location of the licensed premises must be such that it will have no significant effect upon the existing situation with respect to the ability of citizens and residents in the proximate vicinity of both old and new locations to obtain reasonable access to a licensed vendor.

In this proceeding Boston Beverage has met these requirements, and the findings of fact made by the Board are supported by the evidence. Therefore, the approval and granting of the license sought by Boston Beverage Company were neither arbitrary nor unreasonable.

The judgment is affirmed.

CLAYTON, JONES, LUKOWSKY, PALMORE, STEPHENSON and STERNBERG, JJ., concur.

REED, C. J., not sitting.