David HOCKER and Allen Squitieri, Individually and d/b/a Hocker-Squitieri Company; Paducah Planning Commission of the City of Paducah; and City of Paducah, Appellants,

v.

Nolan FISHER, Doris Fisher, Lester Woolfenden, Ethel Woolfenden, Fred Bray, Patricia Bray, Conly L. Purcell, Ruth Purcell, Doyle Allison, and Florence Allison, Appellees.

Court of Appeals of Kentucky.

Oct. 19, 1979.

Richard C. Roberts, Herbert S. Melton, Jr., Paducah, for appellants, David Hocker and Allen Squitieri.

Burke B. Terrell, Paducah, for appellant, Paducah Planning Commission of the City of Paducah.

James W. Utter, Paducah, for appellant, City of Paducah.

William B. Byrd, William E. Taylor, Paducah, for appellees.

Before WHITE, GUDGEL and HAYES, JJ.

WHITE, Judge.

This appeal is from a summary judgment entered December 18, 1978, by the McCracken Circuit Court in which the application by appellants for a zoning change and the granting of a permit for a Planned Unit Development (PUD) were denied. We affirm in part and reverse in part.

It must be noted at the outset that this present appeal is interrelated with the final disposition of a previously filed suit styled *Bartholomew v. City of Paducah*, in which the City of Paducah, Kentucky, was granted the authority to annex an area of land, a part of which included the subject of this present action.

In order to understand clearly the grounds for this appeal, it is necessary to see the interrelated steps of both actions. The *Bartholomew* suit involved only the matters related to annexation. The case before us involves only the matters related to zoning and granting of a permit for a PUD. However, it must be noted that the actions by the City and the City Planning Commission in the subject matter of this appeal occurred during the pendency of the action of the *Bartholomew* case. That interrelationship is set out in the following discussion of this opinion.

The lower court in this appeal held that the action of the City of Paducah in creating a Planned Unit Development (PUD) prior to the final resolution of the annexation suit was premature and without jurisdictional authority and that such action violated the due process and constitutional rights of plaintiffs-appellees.

On December 7, 1977, the McCracken Circuit Court entered a judgment in the *Bartholomew* case in favor of the City's annexing the territory.[1] Relying on the circuit court decision, the City, on December 13, 1977, passed the annexation ordinance for this property. Three days later, on December 16, 1977, a motion for a new trial was filed by the plaintiffs in *Bartholomew*.

On January 10, 1978, appellant Hocker filed application for a PUD which was approved and granted at an unreported meeting of the Paducah Planning Commission on March 6, 1978. Two weeks later, on March 20, 1978, the motion for a new trial in *Bartholomew* was overruled by the McCracken Circuit Court.

Two issues arise: (1) whether the City of Paducah held jurisdictional authority to annex the property on December 13, 1977, thereby acquiring control later to zone and

1. That judgment was affirmed on February 16, 1979, in *Bartholomew v. City of Paducah*, 78–CA–976–MR. Although this case is not published and precluded from being cited, we nevertheless take judicial notice of the records of our own Court for the purpose of stating a fact that is controlling.

(2) whether the zoning procedure itself conformed with due process and other constitutional standards.

Insofar as the lower court held that the City of Paducah was without jurisdiction to effectuate annexation on December 13, 1977, we reverse.

Kentucky Civil Rule 62.01 states:

A motion for a new trial . . . shall operate to stay the execution of or any proceedings to enforce a judgment pending the disposition of any such motion or motions, provided that such motion is filed with the court within the time prescribed for the making of or service of such motion.

■ Although the December 16, 1977 filing of a motion for a new trial suspended the judgment prospectively from that point until the motion was overruled on March 20, 1978, it is noted that between December 7 and December 16, 1977, the judgment was in full effect and deemed final and conclusive. Appellees could have abridged this period of time had they chosen to file their motion immediately upon the entry of the circuit court's judgment.

A judgment rendered by a court having jurisdiction of the parties and the subject matter protects the parties acting under it before reversal or stay, and constitutes a sufficient justification for all acts done in its enforcement before it is reversed or set aside by competent authority. 5 Am. Jur.2d *Appeal and Error* § 997 (1963).

■ Thus, the City of Paducah properly relied on the circuit court judgment in passing the annexation ordinance on December 13, 1977. KRS 81.140, with certain enumerated exceptions, authorizes second-class cities to follow the annexation procedures established for first-class cities under KRS 81.100 and 81.110. KRS 81.110(4) provides: "The judgment shall, when entered, be certified to the city legislative body, which may thereupon annex to or strike from the city the territory described in the judgment, and the territory shall then become, or cease to become, a part of the city."

It was upon this discretionary authority that the City of Paducah acted on December 13. Accordingly, on December 16, 1977, the date the motion for a new trial was filed and the judgment stayed, the annexation had already been effectuated, thereby permitting the City of Paducah to exercise its full jurisdiction over same. "There is no statutory provision delaying the action of the city legislative body any longer after a judgment favorable to annexation is obtained in the circuit court." *Taustine v. Fleig*, Ky., 374 S.W.2d 508, 509 (1964). It is noted that the City's actions were, of course, dependent upon the judgment being sustained. The overruling of the motion for a new trial on March 20, 1978, and the subsequent affirming on appeal eliminated whatever risk may have been involved and thus supported the City's authority.

However, the right to exercise authority does not carry with it the assumed conclusion that the exercise thereof is or was necessarily proper. To the extent that the lower court found that the Paducah Planning Commission violated due process and constitutional rights in its March 20, 1978 rezoning resolution, we affirm.

■ As relates to the common law property interests or statutory entitlements of an individual, the availability of judicial review is guaranteed by the Kentucky Constitution. Under administrative law, as with the common law, there is deference to the trier of fact; agency determinations are to be upheld if the decision is supported by substantial, reliable and probative evidence found within the record as a whole.

When an agency is acting in an adjudicatory manner affecting protected individual rights, "procedural due process requires at least that the local legislative body in rezoning matters act on the basis of a record and on the basis of substantial evidence." *City of Louisville v. McDonald*, Ky., 470 S.W.2d 173, 178 (1971). Without such record the appellate reviewer is unable to determine if the evidence upon which the decision-maker relied was such that a reasonable person could have reached a similar holding.

KRS 100.167 establishes an affirmative duty for each Planning Commission:

> The planning commission shall adopt bylaws for the transaction of business, and *shall* keep minutes and records of *all* proceedings, including regulations, transactions, *findings*, and *determinations*, and the number of votes for and against each question, and if any member is absent or disqualifies from voting, indicating the fact, *all* of which *shall*, immediately after adoption, be *filed* in the office of the commission or board, as applicable. If the commission has no office, such records shall be filed in the office of the county court clerk. A transcript of the *entire* proceedings of a planning commission *shall* be provided if requested by a party, at the expense of the requesting party, and the transcript shall constitute the record. (emphasis added)

[redacted] It is clear that the statute obligates the Commission to be responsible for the compilation and preparation of records. Transcripts are to be available to parties willing to bear the expense of individual copies, not the full expense of maintaining the minutes and records of all proceedings at that session. Appellants (defendants below) have placed reliance on the first part of Civil Rule 75.13, which provides:

> In the event no stenographic report of the evidence or proceedings at a hearing or trial was taken, or if taken, cannot be transcribed, the appellant may prepare a narrative statement of the evidence or proceedings from the best available means, including his recollection, for use instead of a stenographic transcript.

However, the appellants have disregarded the last sentence of the rule, which also provides: "Thereupon the statement, with the objections or proposed amendments, shall be submitted to the trial court for settlement and approval and as settled and approved shall be included by the clerk of the court in the record on appeal."

[redacted] It is to be noted that the scope of this rule is a discretionary alternative in judicial hearings or trials and does not apply to circumstances such as here, primarily because there is no official who is empowered to settle and approve the disputed record under that rule. Further, in no event is any such alternative to be allowed to defeat the purpose of or the strict compliance with the statutory provisions of KRS 100.167.

[redacted] The Paducah Planning Commission prepared no record of the proceedings; there were no recorded findings of fact, nothing to support its zoning order except some type of oral hearing. Such is a breach of the requirements of procedural due process and judicial review. The authority of the circuit court is to determine if the Planning Commission acted arbitrarily in its zoning procedures. The role of this Court is to review whether the lower court acted in a manner clearly erroneous.

"There can be no doubt as to the correctness of the rule that a municipal corporation can speak only through its records." *Dance v. Board of Education of City of Middlesboro*, 296 Ky. 67, 176 S.W.2d 90, 91 (1943). In this matter the Commission acted on an informal basis. With no adequate record available, the circuit court was unable to determine if findings of fact had been made at the Commission meeting and, if so, whether they supported the decision to zone. "The absence of a record showing a due-process proceeding was not . . . a ground for dismissing the appeal to the circuit court, for if that were so an administrative agency could effectively forestall any judicial review of its action simply by denying a due process hearing." *Morris v. City of Catlettsburg*, Ky., 437 S.W.2d 753, 755 (1969).

Neither this Court nor the circuit court is able to perform its proper function of judicial review of the Planning Commission's decision when there are no findings. With no record to provide the proper elements for judicial review, the proceedings of the Paducah Planning Commission on March 20, 1978, must be deemed arbitrary and in conflict with due process and constitutional rights.

Accordingly, this case is reversed in part and affirmed in part and remanded to the circuit court to enter a new judgment or-

dering the Commission to comply with the provisions of KRS 100.167.

All concur.