Mayme ROBINSON, d/b/a Robinson Home of Care No. 1, Appellant,

v.

KENTUCKY HEALTH FACILITIES and Health Services Certificate of Need and Licensure Board, Appellee.

Court of Appeals of Kentucky.

May 2, 1980.

James D. Howes, Louisville, for appellant.

Martin Z. Kasdan, Jr., Department for Human Resources, Frankfort, for appellee.

Before GANT, HOWERTON and VANCE, JJ.

GANT, Judge.

On February 9, 1978, two agents of the Kentucky Department for Human Resources inspected Mayme Robinson's licensed personal care home and found 98 deficiencies. She was sent a notice of the deficiencies and in March she filed a plan for correcting them. Agents visited the home four times in April and twice in May to monitor and consult with her. On June 13 and 14, agents again inspected the home and found that only about one-fourth of the deficiencies had been corrected. On July 11 the Kentucky Health Facilities and Health Services Certificate of Need and Licensure Board entered a preliminary order denying relicensure to the Robinson Home. The

Robinson Home requested a hearing, which was held before a hearing officer on January 5, 1979. The hearing officer made written findings of fact, conclusions of law, and recommendations. On January 12, the Board entered an order adopting the hearing officer's findings of fact and conclusions of law and ordering that Robinson Home be denied relicensure. Robinson Home appealed to the circuit court, which upheld the Board. Robinson Home then filed this appeal.

Robinson Home argues that it was improper for the Board to adopt the hearing officer's findings of fact. *Simms v. Angel*, Ky., 513 S.W.2d 176 (1974), and *Pearl v. Marshall*, Ky., 491 S.W.2d 837 (1973), require that agencies make findings of fact. However, no statute or case requires that the findings be different from or independent of the findings of the hearing officer. *Morgan v. United States*, 298 U.S. 468, 56 S.Ct. 906, 80 L.Ed. 1288 (1936), held that agency decisions may be based on the work of hearing officers.

■ However, this Court is concerned with the allegations of denial of due process by the appellant. In the instant case, the Board approved and adopted the findings of fact of the hearing officer without furnishing the appellant with the opportunity to review these findings and file exceptions, if necessary. A similar situation arose in the Supreme Court of the United States in the case of *Gonzales v. United States of America*, 348 U.S. 407, 75 S.Ct. 409, 99 L.Ed. 467 (1955). In that case, the Department of Justice had made a recommendation to the Appeal Board to deny Gonzales a draft exemption, this recommendation being adopted without provision for notice of the adverse recommendation. The court, in reversing, stated:

Petitioner contends that his classification is invalid because he was not furnished a copy of the Justice Department's recommendation to the Appeal Board and accorded an opportunity to reply thereto. Section 6(j) of the Universal Military, Training and Service Act, outlining the

procedure in conscientious objector cases, is silent on this question. But a similar silence was not held to be a considered rejection of the right of a registrant to be supplied with a fair resume of adverse evidence in the FBI reports. *United States v. Nugent*, 346 U.S. 1, 73 S.Ct. 991, 97 L.Ed. 1417 (1953); *Simmons v. United States*, 348 U.S. 397, 75 S.Ct. 397, 99 L.Ed. 453, and we believe it also to be implicit in the Act and Regulations— viewed against our underlying concepts of procedural regularity and basic fair play—that a copy of the recommendations of the Department be furnished to the registrant at the time it is forwarded to the Appeal Board, and that he be afforded an opportunity to reply.

It is true that the recommendation of the Department is advisory. (Cite omitted.) Indeed, this very consideration led us in *United States v. Nugent, supra,* to allow considerable latitude in the auxiliary hearing which culminated in the Department's report. A natural corollary of this, however, is that a registrant be given an opportunity to rebut this recommendation when it comes to the Appeal Board, the agency with the ultimate responsibility for classification. For in the usual case it is the Appeal Board which renders the selective service determination considered "final" in the courts, not to be overturned unless there is no basis in fact. (Citations omitted.)

It should be emphasized, moreover, that in contrast to the strictly appellate functions it exercises in other cases, the Appeal Board in handling conscientious objector claims is the first selective service board to receive the Department's recommendation, and is usually the only decision-making body to pass on the entire file. An opportunity for the registrant to reply is therefore the only means of insuring that this Board will have *all* of the relevant data. Furthermore, if the registrant is to present his case effectively to the Appeal Board, he must be cognizant of all the facts before the Board as well as the over-all position of the Department of Justice.

The parallel between the case before us and *Gonzales, supra,* is obvious. The regulations in the case at bar do not provide for the Board to furnish the license-holder with a copy of the recommendations of the hearing officer and thus contain no provision for the filing of exceptions thereto. We feel, as the Supreme Court felt, that the notice provisions are inherent in and implied by the regulations. Inasmuch as the Licensure Board is the only decision-making body to pass on the entire file, it is mandatory that an opportunity for the license-holder to review the recommendations and file exceptions be granted in order to insure that all the relevant data will be available to them. The sole review by the circuit court would be to determine whether the decision of the Board was arbitrary and capricious. Due process dictates that an opportunity be afforded to the license-holder to present his case to the decision-making body.

This case is reversed and remanded to the lower court with directions to that court to remand this case to the appellee with directions to permit the appellant to file exceptions to the recommendations and findings of fact of the hearing officer. The lower court shall further direct the appellee to reconsider the case on the entire file, including all matters previously considered together with the exceptions filed by the appellant.

All concur.