**OUR LADY OF THE WOODS, INC., Appellant,**

v.

**COMMONWEALTH of Kentucky, KENTUCKY HEALTH FACILITIES AND HEALTH SERVICES CERTIFICATE OF NEED AND LICENSURE BOARD, Appellee.**

Court of Appeals of Kentucky.

Oct. 15, 1982.

Richard N. Bush, Louisville, for appellant.

Paul F. Fauri, Gen. Counsel, Terry L. Morrison, Dept. for Human Resources, Frankfort, for appellee.

Before LESTER, WHITE and WINTERSHEIMER, JJ.

LESTER, Judge.

This is an appeal from a judgment of the Franklin Circuit Court affirming an order of the appellee that appellant shall close its health facility and transfer all patients therefrom. We affirm.

The circumstances from which this action originated began in August, 1979 with a visit to appellant nursing home by appellee licensing board for the purpose of inspection of the facilities for compliance with state regulations governing nursing homes. At that time, several violations were noted, i.e. dietary problems, improper lighting and unsanitary conditions. However, the most serious breaches concerned the lack of continuous nursing care on all shifts and the lack of facilities to accommodate the handicapped and those in wheelchairs. Appellant's administrators were informed of the aforesaid violations and ordered to correct

same. Agents for appellee made a follow-up visit to the home in late March, 1980. Although there was some improvement in the physical conditions in the home, appellant still failed to conform to regulations with respect to the nursing care and handicapped facilities. Consequently, appellee issued a preliminary order to close the home on May 28, 1980. A request was made for a hearing on the charges by appellant on June 2, 1980, and such inquiry was held in late July, 1980. Findings of fact and conclusions of law were entered on August 20, 1980, by a hearing officer for appellee, who recommended enforcement of appellee's order to close based upon the violations proven to be in continued existence. Said hearing officer, while noting that the quality of care afforded to the residents was satisfactory, concluded that:

> The facts clearly reveal that the respondent has long violated one of the "Essential Functions of a Nursing Home" by not providing continuous graduate nursing supervision. To contend that such supervision can be provided from afar (by an "on-call" nurse) is to contend that a resident will never be confronted with a medical problem of such immediacy that his health or even his life would not be endangered while awaiting the arrival of the "on-call" professional. Such contention is unacceptable; the facility violated on a protracted basis one of its most substantive mandates. Absent proof that an adequate nursing staff could not be obtained (there is no such proof herein) it must be concluded that there is no justification for this violation.

Pursuant to KRS 216B.110, an appeal for administrative review of these findings and conclusions was filed. An appeals officer appointed by the Attorney General found that the decision to deny relicensure because of continuing violations was within the appellee's jurisdiction, was neither arbitrary nor capricious, and that the findings were supported by substantial evidence in the record. Thereafter, appellant petitioned the Franklin Circuit Court to review appellee's order. A judgment was entered affirming it.

■ On appeal, appellant makes three arguments. Initially, it is asserted that the circuit court erred in that it did not draft its own findings pursuant to CR 52.01. That rule provides in pertinent part:

> In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specifically . . . .

The Franklin Circuit Court was not the finder of fact in this instance and thus not required to state findings with specificity. Furthermore, the circuit court's scope of review is limited to determining whether or not the Board acted within its jurisdiction, the order was procured by fraud, and the findings of fact in issue are supported by substantial evidence and are not clearly erroneous based upon a review of the record as a whole. KRS 216B.120(2). No new or additional evidence may be introduced in the circuit court except as it relates to fraud or misconduct of administrative personnel affecting this order. *Id.* Consequently, it makes no difference that the circuit court adopted findings identical to appellee's so long as the statutory limitation on review was not exceeded.

Appellant also contends that the decision to close the home was arbitrary and clearly erroneous since appellee determined as a conclusion of law that appellant was rendering satisfactory care to the patients. Likewise, it is their position that said conclusion indicates that the legislative intent of the statutes governing nursing home licensure and regulation has been met. That goal is embodied in KRS 216B.010 where it states:

> The general assembly finds that the licensure of health facilities and health services is a means to insure that the citizens of this Commonwealth will have safe, adequate and efficient medical care . . . .

■ At the outset, we observe that no appeal from an action of an administrative agency exists as a matter of right, but rather it is a creature of statute, requiring strict compliance with its terms. *Board of Adjustments of the City of Richmond v.*

*Flood,* Ky., 581 S.W.2d 1 (1979). Secondly, deference is given to the trier of fact and agency determinations are to be upheld if the decision is supported by substantial, reliable and probative evidence in the record as a whole. *Hocker v. Fisher,* Ky.App., 590 S.W.2d 342 (1979). In the case at hand, numerous witnesses testified concerning the deficiencies in appellant's nursing home. In fact, appellant's administrator admitted that the most serious violation, that of lack of continuous nursing services (902 K.A.R. 20:047(2)(a)) was present, yet she argued that appellant was unable to hire sufficient nurses to staff the home. The testimony implies not only a nursing shortage, but more importantly, that appellant could not compete salarywise. Even so, the board found no justification for this violation. We must agree, considering the time period which appellant had to achieve compliance (from August, 1979 until the hearing in July, 1980, almost one year). In addition, we fail to see how the legislative intent was satisfied when the conditions and violations at issue have a direct effect upon the safety, adequacy and efficiency of the medical care. Consequently, we concur with the lower court's determination that appellee's findings and conclusions are supported by competent, probative and substantial evidence in the record.

Appellant's final assertion herein is that the appeal process provided for in KRS 216B.010, et seq., violates due process, in that the appeal from the appellee's order to close the nursing home consists of a hearing before an officer appointed by the board, and then a review by appellee itself. We disagree. By statute, KRS 216B.105(5)(b), a licensee shall be entitled to be represented at the hearing in person or by counsel or both, and shall be entitled to introduce testimony by witnesses. Furthermore, all testimony shall be reported and a full record kept of all hearings, and written findings of fact shall be prepared which are the basis for the board's decision. Also, the licensee shall receive notification of the decision. In other words, the legislature has insured that a licensee be afforded the full panoply of procedural rights during the hearing. As for the actual decision-making process, as appellee points out, agency decisions may be based upon the work of its hearing officers. *Robinson v. Kentucky Health Facilities,* Ky.App., 600 S.W.2d 491 (1980). However, review of an administrative decision does not rest solely with the agency. Again, the legislature has provided a means of independent review through appointment by the Attorney General of an appeals officer, who "may not be an employe or agent of the board or the department for human resources." KRS 216B.110(1). As already mentioned, appellant requested the hearing, at which counsel was present, testimony introduced upon its behalf, and appellee's witnesses cross-examined. Appellant also availed itself of the independent review prior to appealing in the lower court. Thus, we fail to see how appellant has been denied due process herein.

The judgment of the circuit court is affirmed.

All concur.