**William G. ISAACS, Geneva Isaacs, and Sam Isaacs, Movants,**

**v.**

**Richard H. LEWIS, Edward A. Farris and John W. Crimmins, Members of and Constituting the Alcoholic Beverage Control Board of the Commonwealth of Kentucky, and Woodland Inn, Inc., Respondents.**

Supreme Court of Kentucky.

July 5, 1984.

Rehearing Denied Nov. 15, 1984.

Robert Spragens, Jr., Lebanon, Michael L. Judy, Frankfort, for movants.

Catherine Staib, Frankfort, for Alcoholic Beverage Control Bd.

William A. Young, Frankfort, Edward F. Prichard, Jr., Lexington, Phillip J. Shepherd, Frankfort, for Woodland Inn, Inc.

VANCE, Justice.

The respondent, Woodland Inn, Inc., was granted a retail package liquor license by the Alcoholic Beverage Control Board. The license was upheld, over movants' protest, by the Franklin Circuit Court and by the Court of Appeals. We granted discretionary review and now reverse the decision of the Court of Appeals.

Movants hold a retail package license for premises in the Calvary voting precinct in rural Marion County. Respondent, Woodland Inn, Inc. holds a package license for premises in Marion County approximately 10 miles away from movants' premises and seeks to surrender this license upon receipt of a new license for premises which are only .6 of a mile from the premises operated by movants.

K.R.S. 243.230(4) permits the issuance of a license to sell distilled spirits by the package for premises not located in any city if *substantial aggregations of population would otherwise not have reasonable access to a licensed vendor.*

Woodland Inn, Inc. has offered no evidence that a substantial aggregation of population would not have access to a licensed vendor if its application for license is denied. It concedes that such evidence is not available, but it contends that, on the authority of *Hagan v. Knippenberg,* Ky.,

549 S.W.2d 509 (1976), its application may be approved as an application for a transfer without proof that substantial aggregations of population would otherwise be denied access to a licensed vendor.

■ *Hagan v. Knippenberg, supra,* notes that K.R.S. 243.650 prohibits transfer of a license from one premise to another except in cases where the original licensed premises are destroyed by an act of God or a casualty for which the licensee is not responsible. The practice of issuing to an existing licensee a new license for new premises conditioned upon a surrender of the existing license is not a transfer of a license from one premise to another but is, in fact, the issuance of a new license.

*Hagan v. Knippenberg, supra,* held that, in certain limited circumstances, a new license may be issued outside of a city to the holder of an existing license upon surrender of the existing license without proof that a substantial aggregation of people would otherwise be denied access to a licensed vendor. This may be done when the new license is requested for premises that will serve the same general area as the existing licensed premises for the reason that the licensee, to secure the existing license, had already been required to prove the need for the license. Because the new license would serve the same general area, the continued need for the license may be inferred without actual proof.

■ Respondent contends that its proposed new premises will serve the same general area as does its existing license, that is, the southern part of Marion County. The fact is, however, that the two locations are approximately ten miles apart and that they are not in the same, or even adjoining, voting precincts.

The trial court and the Court of Appeals each relied upon the finding of the Alcoholic Beverage Control Board that the proposed new premises are in the same general area as the existing licensed premises. In *Hagan v. Knippenberg, supra,* the court used the term "same general area" without any precise definition of the term.

The obvious intent, however, was that to be in the same general area, a move must involve a distance so small that it would have no appreciable effect on the number of people who would have reasonable access to the premises.

The court stated:

"It is apparent from an examination of the Board's findings and of the evidence adduced in its support that the area to be served from the new premises in relation to that served by the old premises was neither enlarged nor diminished or was there any change in the reasonableness of access to a licensed vendor afforded the customers within the area. Actually, it would be almost impossible to find in this proceeding the existence of a substantial aggregation of population which would be denied reasonable access to a licensed vendor for, in fact, the area served by the old and new locations is identical.

. . . .

"The distance involved in the move requested by Boston Beverage from the location of its present store to its proposed new location is comparatively so small that such a move could have no perceptible effect upon the existing situation with respect to the ability of citizens and residents of this section of Nelson County to obtain reasonable access to a licensed retail package liquor store."

*Hagan v. Knippenberg, supra* at 512.

The existing premises of Woodland Inn, Inc. and its proposed new location, ten miles distant, in a comparative sense, may be held to be within the same general area of the world, or the United States, or even of the Commonwealth of Kentucky, but nothing in the record supports the finding and conclusion of the board that these two premises are in the same general area of Marion County within the meaning of that term as it is used in *Hagan v. Knippenberg, supra.*

The Alcoholic Beverage Control Board therefore acted erroneously when it issued a retail package license to the respondent, Woodland Inn, Inc.

In view of this disposition of the case, there is no need to address movants' other allegations of error. The decision of the Court of Appeals is reversed, and the case is remanded for the entry of an order setting aside the issuance of the license to Woodland Inn, Inc.

STEPHENS, C.J., and VANCE, GANT, LEIBSON, WINTERSHEIMER and STEPHENSON, JJ., concur.

AKER, J., dissents by separate opinion.

AKER, Justice, dissenting.

I respectfully dissent and would affirm the ruling of the Court of Appeals. It is my opinion that the findings of the Board are supported by substantial evidence, and as such we are not free to reverse the finding of the administrative agency.