840 F.2d 18
 1988-1 Trade Cases 67,912
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles L. SIMMS and the Woodland Inn, Inc., Plaintiffs-Appellants,
v.
Edward A. FARRIS, Chairman; Donald Grugin, Distilled
Spirits Administrator; Martin Hogan, Malt Beverage
Administrator, as Members of and Constituting the Alcoholic
Beverage Control of Kentucky; Big John's Tavern, Inc.;
William G. Isaacs; Geneva Isaacs; and Sam Isaacs,
Defendants-Appellees.
 No. 87-5362.
 United States Court of Appeals, Sixth Circuit.
 Feb. 29, 1988.
 
 Before MERRITT and RYAN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiffs-appellants Charles L. Simms and the Woodland Inn, Inc. brought claims for declaratory and injunctive relief under the Sherman Act (15 U.S.C. Secs. 1, 2), the Clayton Act (15 U.S.C. Secs. 15, 26), and 42 U.S.C. Sec. 1983, alleging that their inability to transfer their existing liquor license under K.R.S. Sec. 243.230 to a site closer to defendant-appellee Big John's Tavern, Inc. has created a monopoly in violation of antitrust laws and plaintiffs' rights to due process and equal protection. In dismissing plaintiffs' claims, the district court held that Kentucky Revised Statutes (K.R.S.) Sec. 243.230 was a rationally-based exercise of Kentucky's core police powers under the twenty-first amendment[1] to regulate the sale of liquor within its borders and and therefore exempt from antitrust scrutiny. We affirm.
 
 
 2
 Simms owns and operates the Woodland Inn, a licensed retail liquor package outlet in Marion County, Kentucky. Simms also owns Simms 208, Inc., a licensed beer depot located approximately ten miles from the Woodland Inn. Both establishments are located in the southern part of Marion County, a "wet" county by local election. The county directly south of Marion, Taylor County, is a "dry" county. Simms 208 is south of the Woodland Inn, and therefore closer to the border between Marion and Taylor Counties.
 
 
 3
 Simms sought to surrender the Woodland Inn's package license to the defendant Alcoholic Beverage Control Board conditioned upon the Board's issuance of a package license for Simms 208. Simms' application was opposed by Big John's Tavern, Inc., a licensed retail liquor package outlet in southern Marion County, and Big John's owners, William Isaacs, Geneva Isaacs and Sam Isaacs. Big John's is located directly north of the Marion-Taylor border and six-tenths of a mile from Simms 208.
 
 
 4
 Simms' application to transfer the Woodland Inn's package liquor license was brought under K.R.S. Sec. 243.230 which provides in part that:
 
 
 5
 (3) Licenses to sell distilled spirits or wine by the package may be issued only for premises located within incorporated cities, or elsewhere in counties containing a city of the first, second or third class if those counties maintain an adequate police force under KRS 70.540 and 70.150 to 70.170.
 
 
 6
 (4) Notwithstanding subsection (3) of this section, the board may, after a field investigation, issue a license to sell distilled spirits and wine by the package at premises not located within any city if:
 
 
 7
 (a) Substantial aggregations of population would otherwise not have reasonable access to a licensed vendor;
 
 
 8
 (b) The premises to be licensed under this subsection shall be used exclusively for the sale of distilled spirits and wine by the package and malt beverages, if such premises are licensed to sell malt beverages at retail and shall not be used in any manner, in connection with a dance hall, roadhouse, restaurant, store or any other commercial enterprise, except as a drug store in which a registered pharmacist is employed.
 
 
 9
 The portion of Marion County in which both Simms 208 and Big John's Tavern are located is a rural area and the county contains no cities of the first, second or third class.[2] Therefore, a package liquor license could only have been issued to plaintiffs under Sec. 243.230(4)(a). However, Son at least one previous occasion,[3] Simms was unable to show that a substantial aggregation of population in the area of Big John's Tavern did not have reasonable access to a licensed vendor. Isaacs v. Lewis, 678 S.W.2d 386 (Ky.1984). Following the court's decision in Isaacs, Simms 208 unsuccessfully applied for its own package liquor license. The Board held that Simms, like the Woodland Inn before it, could not make the requisite showing under Sec. 243.230(4)(a).
 
 
 10
 Plaintiffs claim that their inability to transfer the Woodland Inn's license to Simms 208 deprives them of the opportunity to operate a business on the Marion-Taylor border and thus attract customers from the dry counties south of Marion County. They argue that the restrictive interpretation given Sec. 243.230(4)(a) by the Supreme Court of Kentucky in Simms v. Angel and Isaacs v. Lewis effectively grants a monopoly to Big John's Tavern, the first successful licensee in the area of south Marion County in which Simms 208 is located. Thus, they conclude that their inability to compete with Big John's Tavern and its owners violates federal antitrust laws.
 
 
 11
 We agree with the district court's holding that Sec. 243.230 is a rationally-based exercise of Kentucky's core police power under Sec. 2 of the twenty-first amendment "to regulate the sale or use of liquor within its borders." Capital Cities Cable, Inc. v. Crisp, 467 U.S. 691, 713 (1984). A state limitation on the importation or sale of liquor is generally valid under Sec. 2 of the twenty-first amendment despite the limitation's direct impact on interstate commerce. See, e.g., California v. LaRue, 409 U.S. 109, 114 (1972); Hostetter v. Idlewild Liquor Corp., 377 U.S. 324, 330 (1964). Further, the twenty-first amendment confers an "added presumption in favor of the validity of the state regulation." New York State Liquor Authority v. Bellanca, 452 U.S. 714, 717 (1981) (per curiam); California v. LaRue, 409 at 119. "Section 2 'grants the states virtually complete control over whether to permit importation or sale of liquor and how to structure the liquor distribution system.' " 324 Liquor Corp. v. Duffy, 93 L.Ed.2d 667, 679 (1987) (quoting California Liquor Dealers v. Midcal Aluminum, 445 U.S. 97, 110 (1980)). Accord South Dakota v. Dole, 97 L.Ed.2d 171, 177 (1987). A state could therefore absolutely prohibit the manufacture or sale of intoxicants within its borders. See, e.g., Ziffren v. Reeves, 308 U.S. 132, 138 (1939).
 
 
 12
 While we note that "there is no bright line between federal and state power over liquor," California Liquor Dealers v. Midcal Aluminum, 445 U.S. at 110, K.R.S. Sec. 243.230 is an attempt by Kentucky to regulate the sale and use of liquor within its borders and no more. We agree with the district court's statement that:
 
 
 13
 it is apparent that the statute is intended as an exercise of the Commonwealth's police power to control the distribution and use of intoxicating beverages. It is obvious upon careful consideration that the purpose of the statute is to prevent package stores from being surreptitiously used as taverns or roadhouses. Thus, the entire statute is drafted with the idea of limiting the number of package licenses in areas of the state where there are not adequate police forces to prevent this.
 
 
 14
 Revised Opinion of the District Court at p. 6. Kentucky's policing interest is rooted in the core of the twenty-first amendment and is clearly distinguishable from statutes based solely upon an asserted state interest in economic protectionism. See, e.g., 324 Liquor Corp. v. Duffy, 93 L.Ed.2d at 681, and Bacchus Imports, Ltd. v. Dias, 468 U.S. 263, 276 (1984).
 
 
 15
 Accordingly, we hold that K.R.S. Sec. 243.230 is a rationally-based exercise of Kentucky's police power and AFFIRM the district court's judgment granting defendants' motion to dismiss.
 
 
 
 [1]
 Section 2 of the twenty-first amendment provides that: "The transportation or importation into any State, territory, or possession of the United States for delivery for use therein of intoxicating liquors, in violation of the laws thereof, is hereby prohibited."
 
 
 [2]
 First class cities have a population of 100,000 or more; second class cities have a population of between 20,000 and 100,000; and third class cities have a population of between 8,000 and 20,000. Ky. Const. Sec. 156
 
 
 [3]
 In Simms v. Angel, 513 S.W.2d 176 (Ky.1974) the Supreme Court of Kentucky rejected an earlier application by Simms for a retail package liquor license in rural Marion County. Simms argued that the entire population of the adjacent dry county of Taylor was without any access to a licensed vendor. The court concluded that the words "aggregation of population" did not include residents of adjacent dry territory