BARNES *v.* ARK. PUBLIC SERVICE COMM.

5-2817                                    362 S. W. 2d 1

Opinion delivered November 5, 1962.

[Rehearing denied December 10, 1962.]

*Fulk, Lofton, Wood, Lovett & Parham,* by *T. S. Lovett, Jr.,* for appellant.

*Mark E. Woolsey,* for appellee.

NEILL BOHLINGER, Associate Justice. This case involves the furnishing of telephone service to an area involving about fifteen (15) square miles in the northeast corner of Conway County which community is known as the Austin Community. The two applicants for authority to provide service were the Southwestern Bell Telephone Company which will herein be referred to as Bell, and the Arkansas Telephone Company which will be referred to as Arkansas.

On July 21, 1960, the Arkansas Public Service Commission, in a proceeding initiated by Bell, allocated this area to Bell. Bell's proposal for supplying telephone service to the Austin Community is from an exchange or central office to be located in the community of Center Ridge, approximately five (5) miles from the community of Austin, plus what is known in the industry as Extended Area Service (EAS) to the whole of Conway County. Extended Area Service is the type of service which would furnish toll-free telephone service between closely situated telephone exchanges in the area having a common community of interest. Extended Area Service, being toll-free, has a higher base rate than does local exchange service.

Acting under the allocation of the area to Bell, the Bell Company made surveys and proceeded to project its plans to install exchanges in the towns of Center Ridge and Cleveland in Conway County and to extend area service from these exchanges to the town of Morrilton, the County Seat of Conway County. A majority of the citizens of the Austin area filed their petition, in which they were joined by the Arkansas Telephone Company, asking the Arkansas Public Service Commission to set aside its allocation of the territory to Bell and award the same to Arkansas.

In an effort to evaluate the interests of the public with the contention of the utilities, there was a public meeting in the community of Austin where representatives of Arkansas and Bell were present to explain the types of service each proposed to render. Questionnaires were distributed by the Commission staff to the residents in attendance at that meeting and it appears that of thirty-seven (37) questionnaires returned, twenty-two (22) of the residents preferred the Arkansas and fifteen (15) preferred Bell. The Arkansas Public Service Commission thereafter conducted a formal hearing and on July 20, 1961, issued its order denying the petition of Arkansas and residents of the Austin Community, and refused to set aside the order allocating this territory to

Bell. An appeal to the Pulaski Circuit Court followed and that court affirmed the Commission and the cause is presented here as an appeal from that judgment.

It would appear at first blush that the equity in this case would favor Bell which, proceeding under an order of the Commission, had expended time and effort in order to survey and project its service to the territory involved, during which time [a full year] Arkansas made no move in opposition to the Commission's order or the activities of Bell. However, the matter of equity between competing utilities does not address itself to the Public Service Commission, but that body is concerned with an effort to determine the best interest of the people in the whole area involved.

The findings of the Commission clearly indicate the efforts of the Commission and the discharge of its responsibilities.

"5. The Commission has previously allocated the area involved herein to the Southwestern Bell Telephone Company, which company has made surveys and is presently in process of perfecting plans to install exchanges in the towns of Center Ridge and Cleveland in Conway County, and to extend area service of these exchanges into the town of Morrilton, which is the County Seat of Conway County. The Company contemplates and is presently drawing plans to include the area involved herein in the Center Ridge exchange area.

6. The Commission's staff continued investigations which culminated in a public meeting in the community of Austin, at which meeting representatives of the Southwestern Bell Telephone Company and the Arkansas Telephone Company were present and explained the types of service each would render to the community, after which questionnaires were passed out by the Commission's staff to each of the residents in attendance and the results thereof were contained in the report of the Staff, which is Staff Exhibit No. 1, in this proceeding, indicating that sentiment and desires were fairly divided as to which company was preferred.

The Commission believes and so finds that if the area which has been previously allocated to Southwestern Bell Telephone Company should be reallocated to Arkansas Telephone Company for service, such action might jeopardize the interests of the residents throughout the remainder of Conway County insofar as receiving county wide Extended Area Service—therefore, the petition should be denied.''

It is clear from the record in this case that under Bell's proposal the base rate per month would be approximately $1.00 higher than would be service under Arkansas. However, under the Bell plan there would be toll-free service throughout Conway County, whereas under the Arkansas plan there would be a toll charge for any call in Conway County other than the Austin Community. Under the Arkansas plan there would be toll-free service through the Clinton exchange and eventually the Shirley exchange, both of these exchanges being situated in an adjoining county.

We think the facts in this case bring it squarely within our pronouncement in the case of *Incorporated Town of Emerson* v. *Arkansas Public Service Commission,* 227 Ark. 20, 295 S. W. 2d 778:

''It is well settled by our decisions that the Commission is clothed with broad legislative and administrative powers and that a review of its findings and order by either the circuit court or this court, on appeal, is considerably limited in its extent. Ark. Stats., Sec. 73-233 (d) provides that such review shall not be extended further than to determine whether the Commission has regularly pursued its authority, including a determination of whether the order under review violated any right of the complainant under the U. S. or State Constitutions. However this does not mean that the courts cannot inquire beyond mere formality when other provisions of the statute are considered along with Sec. 73-233, *supra.* In this connection we have repeatedly held that if the Commission's order is supported by substantial evidence, free from fraud, and not arbitrary, it is the duty of

courts to permit it to stand, even though the courts might disagree with the wisdom of the order. *Department of Public Utilities* v. *Ark.-La. Gas Co.*, 200 Ark. 983, 142 S. W. 2d 213; *City of Fort Smith* v. *Southwestern Bell Telephone Co.*, 220 Ark. 70, 247 S. W. 2d 474; *Arkansas Power & Light Co.*, v. *Arkansas Public Service Commission*, 226 Ark. 225, 289 S. W. 2d 668.''

In upholding the Commission's order under the facts in the above case, this court also said:

"* * * It is understandable why the inhabitants of Emerson proper now prefer the services of Union and if their interests alone were at stake we might readily agree that the Commission acted both unwisely and arbitrarily. It is also easy to understand why Union can offer more attractive rates by declining to serve a substantial portion of the less populous rural territory, adjacent to Emerson. *The problem of the Commission was to determine the best interests of the people of the whole area in question.* Viewed from that standpoint its findings and conclusions are supported by the substantial evidence.'' [Emphasis added]

There is testimony in the record which indicates that if the Austin Community is excluded from Bell's plan, some of the residents of the adjacent rural area would also be excluded. Therefore, viewing all the facts, we are unable to state that the Commission acted arbitrarily in considering the interests of the people of the whole area involved and that the Commission's order and finding are not supported by substantial evidence.

The finding of the Commission and the judgment of the Circuit Court are accordingly affirmed.