**MARSHALL COUNTY, Kentucky and City of Benton, Kentucky, Appellants,**

**v.**

**SOUTH CENTRAL BELL TELEPHONE COMPANY, Appellee.**

Court of Appeals of Kentucky.

Feb. 21, 1975.

John C. Lovett, Lovett, Lewis, Johnson & Shapiro, Benton, for appellants.

Lively M. Wilson, David C. Brown, Stites, McElwain & Fowler, Louisville, for appellee.

CULLEN, Commissioner.

Responding to petitions signed by a substantial number of telephone subscribers in the county, Marshall County and the City of Benton (the county seat) filed a complaint with the Public Service Commission of Kentucky (hereinafter "PSC") against South Central Bell Telephone Company (hereinafter "Bell"), seeking an order requiring Bell to provide "extended area service" (in substance, toll-free service) between Benton and the community of Sharpe, Benton and the community of Symsonia, and Benton and the community of Aurora. After a hearing, PSC entered an order directing Bell to provide the requested service "at existing approved tariffs" (meaning without increase in the basic telephone subscription rate). The order was based on a finding simply that the extended area service "is in the public interest and * * * public convenience and necessity require the establishment thereof."

On an appeal to the Franklin Circuit Court judgment was entered setting aside the order of PSC and remanding the case to PSC for consideration of two alternate plans proposed by Bell for limited forms of toll-free service involving increases in the basic telephone subscription rates. The judgment recited that the order of PSC was "unreasonable to the point of being confiscatory," and that:

"These additional services to a particular group composing but 9% of Marshall County may not be subsidized by the rest of the Kentucky subscribers; reasonably and equitably those desiring and receiving such services should bear the cost of providing them. * * *"

Marshall County and the City of Benton have appealed to this court from the foregoing judgment.

Benton, the county seat, is located a little south of the geographical center of Marshall County. The community of Sharpe, located in the northwest corner of the county, extends into McCracken County, and in fact has only 413 telephone subscribers in Marshall County as against 1,684 in McCracken County. The community of Symsonia lies south of the Sharpe community, along the border between Marshall County and Graves County. It has 25 subscribers in Marshall and 396 in Graves. The community of Aurora is situated in the southeast corner of Marshall County and extends over into Calloway County. It has 68 subscribers in Marshall and 120 in Calloway.

The evidence was that Sharpe and Symsonia are linked commercially and in community interest with Paducah, with which they have extended area service, and Aurora is similarly linked with Murray, with which it is has extended area service. The three communities have modern direct-dialing service to and from Benton and there is no complaint of inadequacy of

that service from a strict service standpoint; the complaint is with regard to the imposition of toll charges.

The testimony for Bell was that the local exchanges for Sharpe, Symsonia and Aurora are so engineered that to provide extended area service for the Marshall County residents of those communities would entail the rendering of such service to the people of those communities residing in McCracken, Graves and Calloway Counties, who have no need or desire for such service to Benton.

The testimony for the appellants was that extended area service was needed for the three communities in question primarily because of their *political* ties to Benton, in respect to county government and the school system. There was some testimony, however, that the lack of extended area service has hampered the *development* of the business, economic and social structure of Marshall County.

There was evidence for the appellants that in recent years Bell has provided extended area service (without increase in station rates) to all of Lincoln, Oldham and Martin Counties. It is conceded that there now is extended area service between Benton and all parts of Marshall County except the Sharpe, Symsonia and Aurora communities.

The testimony for Bell was that to provide the service in question would require a capital expenditure of $177,000 and would entail an annual "penalty" of some $65,800 from loss of toll revenues and from costs of maintenance, depreciation, etc. Under the PSC order the burden would fall on the Bell patrons throughout its system in Kentucky, resulting in a reduction of net return.

For the reasons hereinafter expressed, it is our opinion that the issue in this case is one of *discrimination,* and that the circuit court correctly found the PSC order to be unreasonable.

Under KRS 278.030:

"(1) Every utility may demand, collect and receive fair, just and reasonable rates for the services rendered or to be rendered by it to any person."

"(2) Every utility shall furnish adequate, efficient and reasonable service, and may establish reasonable rules governing the conduct of its business and the conditions under which it shall be required to render service.

"(3) Every utility may employ in the conduct of its business suitable and reasonable classifications of its service, patrons and rates. The classifications may, in a proper case, take into account the nature of the use, the quality used, the time when used, the purpose for which used, and any other reasonable consideration."

The foregoing statute plainly grants to a utility the rights to receive fair compensation for its services, and to employ reasonable classifications as to its service and rates. We conceive that the authority granted to PSC under KRS 278.-040 to "regulate utilities and enforce the provisions of this chapter", and to "have exclusive jurisdiction over the regulation of rates and service of utilities," does not embrace the authority to compel a utility to furnish service without any compensation, or to provide service over and above what is adequate and reasonable, or to forego the use of reasonable classifications as to service and rates. However, PSC does have the authority to require the cost of a particular kind of service in a particular area to be borne system-wide rather than by the patrons of the particular area, and to require the utility to provide an advanced quality of service to a particular area, if the utility, as to other *fully comparable* areas, is spreading the cost system-wide and is furnishing the advanced quality of service. The latter authority arises from the fact that the utility in such a case is not employing reasonable classifications, as required by KRS 278.030, or is engaging in discrimination prohibited by KRS 278.-

170. The prohibition of KRS 278.170 is against establishing or maintaining "any unreasonable difference between localities or between classes of service for doing a like and contemporaneous service under the same or substantially the same conditions."

In the instant case the complaint is that the patrons in Marshall County, other than those in Sharpe, Symsonia and Aurora, have extended area service to and from Benton without an extra station charge, and that in Lincoln, Oldham and Martin Counties there is county-wide extended area service the cost of which is being borne system-wide. There is no complaint that the patrons in Sharpe, Symsonia and Aurora are not receiving efficient, high quality service as respects facility of communications. The complaint is of having to pay tolls, and the real basis of the complaint obviously is the claim of *discrimination*—other patrons are receiving toll-free service, so why shouldn't we?

■ It is our opinion that in order to sustain the order of PSC it would be necessary that there be a finding of specific evidentiary facts establishing discrimination. There was no finding of any evidentiary fact, only the generalized finding that the extended area service "is in the public interest and * * * public convenience and necessity require the establishment thereof." That finding is nothing more than a conclusion of law or a recitation of an ultimate fact—a mere parroting of the language of the statute. This court has held repeatedly that a finding of that type, with no findings of basic evidentiary facts, is fatal to an order of an administrative body the validity of which depends on a determination of fact. See Simms v. Angel, Ky., 513 S.W.2d 176; Caller v. Ison, Ky., 508 S.W.2d 776. Pearl v. Marshall, Ky., 491 S.W.2d 837.

■ Even had there been the required findings they would have been difficult to sustain since there was no evidence that communities having extended area service to and from the city with which they have the greatest community of interest are in other places in the Bell system being provided extended area service to another economic center. There was no evidence that in Lincoln, Oldham and Martin Counties patrons have extended area service to more than one major economic center. There was no evidence that in other places in the Bell system local exchanges are being provided with extended area service to a particular center when only a small percentage of the patrons of the exchange have any need or desire for that service. In short, the complainants did not prove that Bell is employing an unreasonable classification, or is maintaining an unreasonable difference between localities for doing a like and contemporaneous service *under the same or substantially the same conditions.*

We observe that in the only decisions of other courts that have come to our attention, involving the specific question of the power of a public service commission to order that a telephone company give extended area service, it has been held that the company is entitled to an increase in the base rate to cover the cost of the increased service. See 74 Am.Jur.2d, Telecommunications, sec. 29, p. 329; Barnes v. Arkansas Public Service Com'n, 235 Ark. 683, 362 S.W.2d 1; Ohio Bell Telephone Co. v. Public Utilities Com'r, 6 Ohio St.2d 49, 215 N.E.2d 584. To the same effect is the decision of the Tennessee Public Service Commission in Ridley v. South Central Bell Telephone Company, February 9, 1972, Docket No. U–5470.

The judgment is affirmed.

All concur except CLAYTON, J., who dissents.