**ENERGY REGULATORY COMMISSION of Kentucky**

**and**

**Commonwealth of Kentucky ex rel. Robert F. Stephens, Attorney General, Appellants,**

**v.**

**KENTUCKY POWER COMPANY, Appellee.**

Court of Appeals of Kentucky.

Aug. 29, 1980.

William M. Sawyer, Frankfort, for appellant, Energy Regulatory Commission of Kentucky.

Steven L. Beshear, Atty. Gen., Hanson Williams, Asst. Atty. Gen., Frankfort, for Commonwealth.

E. Gaines Davis, Frankfort, Edward J. Brady, Bruce V. Miller, New York City, for appellee.

Before HAYES, C. J., and WHITE and WINTERSHEIMER, JJ.

WINTERSHEIMER, Judge.

This appeal is from a judgment entered August 7, 1979, reversing an order of the Energy Regulatory Commission which had denied to the Kentucky Power Company a certificate of public convenience and necessity and authority to borrow funds to purchase an interest in an Indiana electric steam generating plant.

The Kentucky Power Company, a member of the AEP system, owns a generating plant at Louisa, Kentucky, consisting of two units serving approximately 132,000 customers located throughout a 5,700 square mile service area in Eastern Kentucky. On July 19, 1978, the Company filed an application with the Commission to purchase additional generating capacity in a plant then being constructed near Rockport,

Indiana. The Company proposed to purchase fifteen percent of the Indiana plant for $187,000,000, $100,000,000 of which the Company planned to borrow. At Commission hearings, the Kentucky Attorney General intervened in opposition to the requested certificate.

The substance of this case involves an electric utility's concern that it may have inadequate electrical generating capacity from its present Kentucky plant for a three–year period beginning in late 1981. The Regulatory Commission found that the utility could remedy any potential shortage by simply purchasing power from another affiliated utility in its own network, rather than by buying a new interest in a different plant. The circuit court reversed this decision because the agency failed to rebut certain allegations regarding the need for and the cost of the new generating facility.

The appellant, Energy Regulatory Commission, argues as follows:

1) There is substantial evidence in the record to support the Commission's decision to deny the Company request to purchase an interest in a new generating plant.

2) An administrative agency has no duty to refute evidence submitted to it by an applicant having the burden of proof.

3) The evidence in the record is such that reasonable minds could disagree as to whether the Company's customers would be best served by the purchase of new generating capacity at this time.

The appellant, Attorney General, argues that the failure to name the Consumer Protection Agency as a party to the reviewing process and to provide adequate notice of appeal to it are grounds for reversal.

■ This Court reverses the judgment of the circuit court and remands this matter to the Energy Regulatory Commission because the Commission has made only conclusions of law and has failed to make findings of specific evidentiary facts as required by *Marshall County v. So. Central Bell Tel. Co.*, Ky., 519 S.W.2d 616 (1975). In order to sustain or reverse an order of the Commission it is necessary that there be a finding of specific evidentiary facts. Furthermore, it has been repeatedly held that where the validity of an order of an administrative body depends on a determination of fact, the absence of findings of basic evidentiary facts is fatal to such an order. *Marshall, supra.*

In reversing and remanding for the above reasons, we choose to decide also other issues raised in this appeal to clarify the law and thereby prevent, if possible, the necessity of further review after remand.

We first note that the circuit court substituted its judgment for that of the trier of fact. There was no clear and convincing evidence that the original determination by the Commission was unreasonable or unlawful.

KRS 278.430 provides the standard of review of the Commission order by the circuit court. Under that statute the party seeking to set aside any determination by the Commission has the burden of proof to show by clear and convincing evidence that the determination is unreasonable or unlawful.

■ The case of *Lexington Tel. Co. v. Public Service Comm'n*, 311 Ky. 584, 224 S.W.2d 423 (1949), overruled on other grounds in *Stephens v. Kentucky Utilities Co.*, Ky., 569 S.W.2d 155 (1978), points out that the statutes authorizing an appeal from the rulings of the Public Service Commission (here the Energy Regulatory Commission) are materially different from those authorizing appeals from other administrative or quasi-judicial agencies. While *Kentucky State Racing Comm'n v. Fuller*, Ky., 481 S.W.2d 298 (1972), stated that where an agency acts as a trier of fact the findings are conclusive if supported by substantial evidence, *Lexington Tel. Co.* and KRS 278.430 state that in a public utility regulatory case the complaining party must show by clear and convincing proof that the ruling was unlawful or unreasonable. Hence, the scope of judicial review of administrative action here is very limited.

The circuit court erred in holding that no substantial evidence supported the Commission's decision to deny the utility the requested certification. The basis for adherence to administrative findings was announced in *Consolo v. Federal Maritime Comm'n*, 383 U.S. 607, 86 S.Ct. 1018, 16 L.Ed.2d 131 (1966), where it was stated that it gives proper respect to the expertise of the administrative tribunal and helps promote the uniform application of the statute. Kentucky has followed these administrative principles. In *Kentucky State Racing Comm'n v. Fuller, supra*, it was said that, regardless of the fact that a contrary result might be reached if the case were heard de novo, the reviewing body was obliged to affirm the administrative determination. The administrative trier of fact has the exclusive province to pass on the credibility of the witnesses and the weight of the evidence. *Fuller, supra*; K. Davis, *Administrative Law Text* § 29.01 (3d Ed. 1975).

In the instant proceeding the Commission functioned as a quasi–judicial body hearing and weighing evidence in order to make the required finding that a grant or denial of the certification would best serve the public interest. Applicants before an administrative agency have the burden of proof. *Lee v. International Harvester Co.*, Ky., 373 S.W.2d 418 (1963). The reviewing process is governed by KRS 278.-430 which provides that the petitioner must carry the burden of proof under a clearly convincing evidence standard. In a review of a Social Security ruling, the court in *Dawson v. Driver*, Ky., 420 S.W.2d 553 (1967), stated that the question before the circuit court was whether, under the whole body of the evidence, it was unreasonable and thus an abuse of discretion for the board to deny the claim. Here, the circuit court violates the burden of proof principle set out in KRS 278.430 and in *Dawson, supra*.

The term unreasonable can be applied to an administrative agency's decision only when it is determined that the evidence presented leaves no room for difference of opinion among reasonable minds.

*Thurman v. Meridian Mutual Ins. Co.*, Ky., 345 S.W.2d 635 (1961). The circuit court made no such finding in its review of the evidence.

· Repeated references are made to uncontradicted evidence and to the fact that no evidence to the contrary was introduced by the Commission. The circuit judge ruled that the Commission was required to come forward with an affirmative case whenever the applicant makes what might be termed a prima facie case before the agency. We believe the circuit court committed reversible error because it thereby would shift the burden of proof from the applicant to the Commission. This would place the Commission in an adversary position. Standing alone, unimpeached, unexplained and unrebutted evidence may or may not be so persuasive that it would be clearly unreasonable for the board to be convinced by it. *Lee, supra*. There are some questions and circumstances in which no evidence is required to support a negative finding.

The Commission had no duty to refute evidence submitted to it by an applicant who had the burden of proof. We believe the better rule to be employed by the circuit court in its review of the Commission's decision is that when all the evidence has been heard and reasonable men differ in the conclusion to be drawn, the question should be left to the trier of fact. *Lee v. Tucker*, Ky., 365 S.W.2d 849 (1963). KRS 278.440 provides that the circuit court shall decide this kind of appeal upon the evidence submitted to the Commission as shown by the transcript and no other evidence shall be received.

The evidence in the record is such that reasonable minds could differ as to the best interest of the consumers regarding the company's proposals. For the circuit court to find that the evidence supporting the Commission's ruling was insufficient indicates that the circuit court must have analyzed the record and actually weighed the various evidence, including that adduced through cross–examination, to reach

its own conclusion. Such a procedure is an impermissible substitution of the reviewing court's judgment for that of the fact finding body. 2 Am.Jur.2d *Administrative Law*, § 393 (1962); *Southeastern Greyhound Lines v. Pendleton*, 309 Ky. 372, 217 S.W.2d 962 (1949).

It is our opinion that facts must be determined by the hearing agency with the reviewing court applying a standard based on clear and convincing evidence. Here, the circuit court reviewed the evidence and made its own findings, without demonstrating that the decision of the Commission was unreasonable when measured by the clear and convincing standard. We believe the circuit court applied an erroneous standard of review to the facts of this case. The circuit judge's de novo review of the record and the substitution of his own findings for those of the agency were improper.

■■■■■ We now turn to the question of whether the Attorney General was a proper party to the proceedings and was given sufficient notice. Pursuant to KRS 278.-020(1) and 807 K.A.R. 50:005(8), the Attorney General was a proper party to the proceedings. The record indicates that the Consumer Protection Division of the Attorney General's Office intervened in the case and was an active participant in the administrative proceedings beginning with the public hearing of August 10, 1978. The complaint filed in the circuit court by the Power Company did not list the Attorney General as a party in the caption, although it mentions his office as a party in the body thereof. KRS 278.410(1) mandates that all parties of record shall receive notice of the institution of a review. In the case of *White v. Commonwealth*, Ky., 287 S.W.2d 625 (1956), an appeal was dismissed because of a failure to strictly comply with the statute involving an eminent domain proceeding. The court, citing *Land v. Salem Bank*, 279 Ky. 449, 130 S.W.2d 818 (1939), stated "an appeal will be dismissed if it is submitted without the necessary parties being joined as appellees." *Id.* at 626. The right of appeal is purely statutory and those who seek to invoke it must comply with the requirements set forth in the law.

■■■■■ KRS 278.410 does not limit the participating parties to the Commission and the applicant. The Commission is an indispensable party as noted in *Kentucky Utilities Co. v. Farmers Rural Electric Cooperative Corp.*, Ky., 361 S.W.2d 300 (1962). That does not rule out other parties. We believe *Farmers, supra,* implicitly recognizes the possible existence of other indispensable parties in a properly appealed case.

■■■■■ The better practice is to name in the caption of the complaint (appeal) all the parties who appeared of record before the Energy Regulatory Commission and to serve those parties through the normal issuance of process. Here, a letter was sent to the Attorney General's Office. There are numerous administrative agencies in Kentucky, most of which require by statute the issuance of summons when an appeal is instituted. That procedure should apply here as well. The minimum requirement is service of a copy of the complaint on all parties of record before the Commission.

■■■■■ KRS 278.410(1) requires the giving of notice, that is actual notice, at least the receipt of a letter. There are striking similarities between the Kentucky statute and the case of *Baldwin v. Fidelity Phenix Fire Ins. Co. of New York*, 260 F.2d 951 (6th Cir. 1958). In that case written notice was required with the necessary implication of receipt or delivery. We believe that it is not the sending but the receipt of a letter that constitutes true notice. 66 C.J.S. *Notice* § 18.

■■■■■ The Consumer Protection Division of the Attorney General's Office became a party to the proceedings at the administrative level and as such is a necessary party in the reviewing process. It behooves those who seek review of administrative agencies to include all necessary parties when an appeal is undertaken. It is their responsibility to give notice by means of the issuance of summons of process, or to demonstrate by other concrete evidence the receipt of notice, so that all proper parties

are fully apprised before the reviewing court and in position to participate in the entire appellate proceedings. A certificate or affidavit of sending notice falls short.

The judgment of the circuit court is reversed and this matter is remanded with directions to further return the entire case to the Energy Regulatory Commission of Kentucky so that sufficient specific findings of evidentiary facts may be made by the Commission.

All concur.