KENTUCKY COMMISSION ON HUMAN RIGHTS, Earl Young and Tammy Young, Appellants,

v.

KEN MORRIS REALTY COMPANY and Mark Henderson, Appellees.

KEN MORRIS REALTY COMPANY and Mark Henderson, Cross–Appellants,

v.

KENTUCKY COMMISSION ON HUMAN RIGHTS, Earl Young and Tammy Young, Cross–Appellees.

Nos. 89–CA–8–S, 89–CA–42–S.

Court of Appeals of Kentucky.

Sept. 1, 1989.

Thomas A. Ebendorf, Kentucky Com'n on Human Rights, Louisville, for appellants/cross-appellees.

H. Douglas Willen, Fletcher & Kemp, Hopkinsville, for appellees/cross-appellants.

Before EMBERTON, HOWARD and McDONALD, JJ.

McDONALD, Judge.

This is an appeal and cross-appeal from the judgment of the Christian Circuit Court in an appeal from a final order of the appellant, Kentucky Commission on Human Rights. The appellants, Earl Young and Tammy Young, husband and wife, initiated this action in 1985 by filing a complaint with the commission pursuant to KRS 344.200. The complaint alleged that the appellees, Ken Morris Realty Company and its sales agent, Mark Henderson, discriminated against the Youngs because of their race in their handling of a real estate listing in Hopkinsville, Kentucky. The appellees denied that the Youngs were discriminated against, and a hearing was thereafter conducted by the commission in May, 1986.

In a nine-page order the commission made extensive findings of fact containing many details from the evidence presented and concluded that the appellees had committed unlawful practices in violation of KRS 344.360, "Unlawful housing practices," thusly:

> [T]hey [Ken Morris Realty Company and Mark Henderson] represented to the Complainants that real property was not available for inspection, rental, or lease when in fact it was so available, refused to negotiate for the rental or lease of real property and effectively denied Complainants the opportunity to rent available real property because of their race.

The commission further detailed the damages suffered by the Youngs:

> As a result of the incidents described above, Complainant, Tammy Young, became angry and was upset, humiliated, embarrassed, and suffered emotional distress ... she cried, felt degraded, lost sleep, and lost some of her appetite. The incidents adversely affected her self-image, caused some depression and created feelings of inadequacy.
>
> Earl Young, was shocked, angered, embarrassed, humiliated, and suffered emotional distress. These incidents also angered him, and resulted in some apprehension, as well as a temporary interference with his ability to concentrate on his work.

The commission awarded Tammy Young $2,500 and Earl Young $1,500 in compensatory damages. It also ordered the appellees to use the words "Equal Opportunity Housing" on all its advertising and to maintain an "Equal Opportunity Housing" poster in the realty office.

The appellees sought review of the commission's decision in the Christian Circuit Court. In its opinion and judgment the court, applying the standard of review contained in KRS 344.240(2), upheld the commission's determination that the appellees had discriminated against the Youngs. However, without elucidation or justification, the circuit court found that the damages were "arbitrarily high" and reduced Tammy's award to $1,000 and Earl's award to $500.

In their cross-appeal the realty company and Henderson argue that the decision of the commission is clearly erroneous. They insist the commission "overlooked" evidence that they did not engage in discrimination. Their appeal essentially asks that we re-weigh the evidence presented to the commission. In the area of administrative law, it is settled that a reviewing court may not substitute its views for that of the administrative fact finder, and that the agency "has the exclusive province to pass on the credibility of the witnesses and the weight of the evidence." *Energy Regulatory Commission v. Kentucky Power*, Ky. App., 605 S.W.2d 46, 50 (1980). KRS 344.-240(2) further provides that the commission's findings are "conclusive unless clearly erroneous...."

■ In *Kentucky Commission on Human Rights v. Fraser*, Ky., 625 S.W.2d 852

(1981), our Supreme Court held that the commission's findings are clearly erroneous if "arbitrary or unsupported by substantial evidence." As the circuit court found, there was conflicting evidence presented to the commission. That the commission gave more credence to the Youngs' version of their dealings with the appellees does not indicate it overlooked or ignored the appellee's evidence. In fact, the detailed findings indicate that the commission gave careful attention to all the evidence. The circuit court's determination that there is substantial evidence to support the agency's determination of liability is confirmed by our review of the record, and that portion of the judgment is affirmed.

■ The appellees urge that the commission erred as a matter of law by disregarding KRS 344.365(3). This portion of the Kentucky Civil Rights Act provides specifically that a "real estate operator" is not required to "negotiate" with any person "who has not shown evidence of financial ability to consummate the purchase or rental of a housing accommodation." The appellees argue that the house the Youngs desired to rent was for sale only and that they were not required to negotiate with the Youngs because the Youngs expressed no desire to purchase the property.

Again, this defense was clearly considered by the commission and determined in the Youngs' favor. There was evidence that Henderson had shown the property to a white woman known to the Youngs and that Henderson offered to lease it to her for six months. Furthermore, the property was rented to a white male on a six-month lease with no obligation that he purchase the property. Clearly, the findings of the agency that this property was for rent as well as for sale dispose of the appellees' argument that KRS 344.365(3) protected them against the Youngs' claims.

In their direct appeal the commission and the Youngs argue the circuit court acted erroneously in reducing the damage awards. We agree. Certainly there was substantial competent evidence to support the agency's findings of the nature and extent of the Youngs' embarrassment and humiliation resulting from the incident with the appellees. That the commission has the authority to award compensatory damages for embarrassment and humiliation was settled in the *Fraser* case thusly:

> Humiliation and embarrassment lie at the core of the evil which the Kentucky Civil Rights Act was designed to eradicate. If victims are to be fairly compensated for these injuries, *the factfinder must be free to assess reasonable damages as a jury would,* provided that there is sufficient evidence to support the findings. [emphasis ours]

*Id.* at 855.

It is inconceivable to us where there is probative evidence, as in the instant case, that one has suffered discrimination at the hands of another, that the modest awards of $2,500 and $1,500 rendered by the commission could be characterized as arbitrarily high or excessive. The circuit court offers no hint in its judgment of how it reached this conclusion concerning the damages. We are totally baffled why the court labeled $2,500 and $1,500 as excessive and yet determined $1,000 and $500 to be acceptable. Clearly the circuit court acted erroneously in reducing the award made to the Youngs.

We are aware the injuries suffered by the Youngs are intangible in nature. Nevertheless our courts have sustained much greater awards for intangible injuries as, for example, in *E.W. Scripps Co. v. Cholmondelay*, Ky.App., 569 S.W.2d 700, 703 (1978) (a general compensatory damage award for humiliation and mental anguish of $32,500 in a libel action was affirmed), in *Raine v. Drasin*, Ky., 621 S.W.2d 895, 900 (1981) (a $10,000 award to each of two plaintiffs for intangible injuries was sustained), and in *Massey v. McKinley*, Ky. App., 690 S.W.2d 131, 135 (1985) (a $12,500 award in a malicious prosecution case was sustained where the basic injury to the plaintiff was "months of worry" caused by the defendant's actions.)

The Supreme Court in *Fraser* expressed confidence in the agency's ability to set reasonable awards. *Id.* The circuit court, not having heard the witnesses first hand and acting in an appellate capacity, may not set aside an award as excessive unless the agency abused its discretion. *See Davis v. Graviss,* Ky., 672 S.W.2d 928 (1984). As the circuit court failed to articulate even one factor suggesting that the agency's award is susceptible to a claim of unreasonableness, and as there is sufficient evidence in the record to support the award, it is our conclusion that the circuit court erred in its determination that the damages are excessive, and it is reversed.

Accordingly, the judgment of the Christian Circuit Court is affirmed in part and reversed in part and remanded for entry of a judgment affirming the commission's decision in all respects.

All concur.